**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: November 6 2012**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 10-37007 |
| | ) | |
| Anthony R. Grabarczyk and | ) | Chapter 13 |
| Bethany A. Grabarczyk, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION AND ORDER
### DENYING CONFIRMATION OF CHAPTER 13 PLAN

This matter came before the court for an evidentiary hearing on confirmation of Debtors' proposed second amended Chapter 13 Plan. [Doc. # 121]. Debtors, their attorney and the Chapter 13 Trustee appeared in person. The Chapter 13 Trustee objects to confirmation, arguing that the Amended Plan does not meet the projected disposable income test of 11 U.S.C. §1325(b)(1)(B). For the reasons that follow, the court agrees. The court will, therefore, sustain the Trustee's objection and deny confirmation of Debtors' second Amended Plan.

### FACTUAL BACKGROUND

Debtors are married and have three children, ages nine, seven, and four. They filed a petition for relief under Chapter 7 of the Bankruptcy Code on October 13, 2010. The case was converted to a case under Chapter 13 on March 16, 2011. After the court's order denying confirmation of Debtors' first amended Chapter 13 plan, Debtors filed a second amended Chapter 13 plan ("Plan"). [Doc. #121]. Debtors' Plan

proposes payments of $565.00 per month for eleven months, then $1,100.00 per month for forty-nine months, plus a lump sum payment of $3,800.00 from the Chapter 7 Trustee, representing a recovery of prepetition garnished funds. Debtors thus propose to pay $63,915 into the Plan. According to the Plan, unsecured creditors will be paid a 25% dividend on their allowed claims. The claims bar dates have passed and the court calculates $123,065.38 as the amount of the general unsecured claims shown on the claims register. Under the Plan, general unsecured creditors would thus be paid a total of $30,766.35. The claims register also shows an priority unsecured claim filed by Internal Revenue Service in the amount of $18,348.66.

At the confirmation hearing, Debtors offered and subsequently filed in support of the Plan second amended Schedules I and J and an amended Form B22C, Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income, also referred to as the "means test." [Doc. # 136]. On their amended Form B22C, Debtors report current monthly income of $11,723.79, which amount does not include a $6,000.00 bonus from Anthony Grabarczyk's employer, General Motors, that he received in February 2012. [*Id.* at 9/15]. Debtors both testified that the bonus was used to purchase tires and a 1986 John Deere tractor and was not paid into their plan. Mr. Grabarczyk testified that in 2011 he received a bonus of approximately $4,000.00.

Because Debtors' current monthly income exceeds the applicable median family income in Ohio for Debtors' household size of five, they completed parts IV and V of Form B22C in order to calculate their disposable income. In doing so, they deducted, among other things, the following expenses. On line 26, they deducted as an adjustment to the Local Standards for housing and utilities a monthly payment of $32.00. [*Id.* at 10/15]. Debtors both testified that this represents the cost of gas for cutting grass and for snow removal on their two and a half acre homestead property. They deducted on line 43 a monthly payment in the amount of $443.76 for education expenses for dependent children. [*Id.* at 12/15]. However, their second amended Schedule J shows only $230.00 in monthly expenses that are arguably education expenses. [*Id.* at 7/15 (showing monthly expenses of $60.00 for tutoring and $170.00 for "children's activities, school supplies, registration")]. On line 44, they deducted an additional monthly food and clothing expense of $59.00 and, on line 49, payments on prepetition priority claims in the amount of $250.00. [*Id.* at 12-13/15].

Debtors' deductions from current monthly income also include a monthly secured debt payment for their 2007 Chevy Silverado, which Anthony Grabarczyk testified would be paid in full in fourteen months,

2

or by November 2013. [*Id.* at 13/15]. In addition, on line 55, Debtors include a "qualified retirement deduction" of $342.00. [*Id.* at 12/15]. Anthony Grabarczyk testified that this represents the amount currently being withheld from his paychecks as repayment of several 401(k) plan loans. However, he testified that he has received a 1099 tax form that reports the balance owed on those loans as income in 2012 and, thus, that the $342.00 withholding is an error. Although this amount was still being withheld at the time of the confirmation hearing, the plan administrator agreed just two days before the hearing that the $342.00 withholding is an error that is to be corrected.

The net result of Debtors' current monthly income less total deductions as set forth on their amended Form B22C is monthly disposable income shown on line 59 in the amount of $1,442.03. [*Id.* at 14/15]. In Part VI, line 60, of Form B22C, Debtors list additional expenses that they contend should also be deducted from their current monthly income in the total amount of $405.00, which amount includes monthly travel expenses for work, annual shortfall on tax returns, and a monthly expense for their son's future anticipated braces.

## LAW AND ANALYSIS

The Trustee objects to Debtors' second Amended Chapter 13 plan, arguing that it fails to meet the projected disposable income test set forth in 11 U.S.C. § 1325(b)(1)(B). That section provides that if a trustee objects to confirmation of a plan, unless unsecured creditors' claims will be paid in full, the court may not approve the plan unless "as of the effective date of the plan . . . the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan." 11 U.S.C. § 1325(b)(1)(B). "Disposable income" is defined with respect to above-median income debtors, such as Debtors in this case, in § 1325(b)(2) and (3). Those sections provide that "disposable income" means current monthly income, as defined in § 101(10A) and limited in § 1325(b)(2), less amounts reasonably necessary to be expended for the maintenance and support of debtor and debtor's dependents as determined in accordance with the means test set forth in 11 U.S.C. § 707(b)(2)(A) and (B) Under Debtors' own amended Form B22C, a total of $62,221.80 (60 months X $1,037.03 [line 59 minus line 60 additional expenses]) should be paid to their general unsecured creditors, *see* 11 U.S.C. § 1325(b)(1)(B), compared to the 25% distribution totaling $30,766.35 proposed under the Plan. Just taking their amended Form B22C as presented, the Plan does not meet the projected disposable income test of § 1325(b)(1)(B). But the Trustee also argues that Debtors' amended Form B22C is inaccurate and actually

3

understates what must be paid to their general unsecured creditors.

The Trustee first argues that Debtors' projected income is understated in their amended Form B22C calculation since it does not include Anthony Grabarczyk's bonus received in February 2012. The Supreme Court has explained that when a bankruptcy court calculates a Chapter 13 debtor's projected disposable income, "the court may account for changes in the debtor's income or expenses that are known or virtually certain *at the time of confirmation*." *Hamilton v. Lanning,* 130 S. Ct. 2464, 2478 (2010)(emphasis added); *Darrohn v. Hildebrand (In re Darrohn)*, 615 F.3d 470 (6th Cir. 2010) (applying *Lanning* and concluding that a bankruptcy court must account for changed circumstances in both a debtor's income and expenses in determining "projected disposable income").

In this case, the court finds that Anthony Grabarczyk's receipt of an annual bonus is reasonably certain to occur as he has in fact received such bonuses during the past two years. Nevertheless, the amount of any future bonus is unknown. Therefore, although the bonuses should be included as payments to be made under the terms of Debtors' proposed Plan to be distributed to unsecured creditors, rather than pro rating them on a monthly basis, it is reasonable to simply provide that the bonuses will be paid to the Trustee when received.[1]

The Trustee also argues that the plan fails to meet the projected disposable income test because certain deductions taken by Debtors on their amended Form B22C, which is used for calculation of disposable income under the means test, are not substantiated and are, therefore, not allowed. Specifically, the Trustee argues that the following deductions are unsubstantiated: (1) line 26 deduction for an additional housing and utility expense, (2) line 43 educational expense deduction, and (3) line 44 deduction for an additional food and clothing expense. Entitlement to each of these deductions requires a debtor to demonstrate that they are reasonable and necessary. *See* 11 U.S.C. § 707(b)(2)(A)(ii)(I), (IV) and (V).

With respect to the $32.00 additional housing and utility expense deduction, the court credits Anthony Grabarczyk's testimony that this expense represents the cost of gas for grass cutting and snow removal on Debtors' two and half acre homestead property. The court finds this expense both reasonable and necessary to maintain the property and thus finds the deduction permissible.

With respect to the $443.76 education expense deduction on line 43 of the means test, the Trustee argues that the deduction is overstated by $213.76. The court agrees. As stated above, Debtors' amended

---

[1] At the hearing, Debtors proposed that their Plan be amended to include such terms, and the Trustee agreed that such an amendment would address his concerns regarding Debtors' income calculation.

4

Schedule J reports only $230.00 for monthly expenses that are even arguably education expenses. A deduction on the means test for education expenses are limited to those actually incurred. 11 U.S.C. § 707(b)(2)(A)(ii)(IV). Therefore, Debtors' line 43 deduction is limited to $230.00.

With respect to the additional $59.00 food and clothing expense on line 44, Debtors state only that they have three growing children but offer no persuasive evidence justifying an additional expense deduction over and above the Internal Revenue Standards for a family of five such as theirs.

Adjusting the deductions on Debtors' amended Form B22C accordingly results in a corrected line 59 monthly disposable income of $1,714.79. Further adjusting this figure to reflect deductions for the additional expense claims totaling $405.00 that are included in Part VI of Debtor's amended Form B22C, entitlement to which the Trustee has not challenged, results in monthly disposable income of $1,309.79. Based on this adjusted number, Debtors should pay a total of $78,587.40 (60 months X $1,309.79 [corrected line 59 minus line 60]) to their general unsecured creditors, compared to the $30,766.35 proposed under the Plan. The court finds that the Plan does not satisfy the projected disposable income test of 11 U.S.C. § 1325(b)(1)(B).

In addition, Debtors deduct $250.00 on line 49 of amended Form B22C for payments on prepetition priority claims. As this court previously determined in this case, the amount of Debtors' deduction on line 49 must be added to their projected disposable income to determine their Chapter 13 plan payment obligation, thus, resulting in a plan payment of at least $1,559.79, or $93,587.40 to be paid in over the 60 month life of their plan as compared to the $63,915 presently proposed. [*See* Doc. # 118, p. 10].[2]

Finally, Debtors deduct from current monthly income $327.69 for a car payment that will be paid in full by November 2013 and $342.00 for amounts erroneously being withheld from Anthony Grabarczyk's wages for repayment of his 401(k) loans. To the extent that these funds will become available to Debtors during the life of their Chapter 13 Plan, their Plan must provide for a step up at that time in plan payments. *See In re Montiho*, 466 B.R. 539, 541 (Bankr. D. Haw. 2012) (agreeing with " most courts [that] have held that the plan payments must 'step up' when the debtors' payments on a secured loan cease, because that event is 'known or virtually certain at the time of confirmation'" and citing *In re Darrohn*, 615 F.3d 470 (6th Cir.2010) (denying an allowance for payments on a debt secured by property which the debtors intended to surrender)); *Seafort v. Burden (In re Seafort)*, 669 F.3d 662 (6th Cir. 2012) (holding post-petition

---

[2] And this plan payment amount does not include amounts required to be added for lump sum bonuses and reductions in monthly debt payment obligations, as will be further explained, and that will be required to pay administrative expenses, including the Chapter 13 Trustee's fees and Debtors' attorneys' fees, which now exceed $3,000. [*See* Doc. ## 94, 140].

5

income that becomes available to debtors after their 401(k) loans are fully repaid is "projected disposable income" that must be turned over to the trustee for distribution to unsecured creditors pursuant to § 1325(b)(1)(B)).

Because the plan payments under Debtors' proposed second Amended Plan are insufficient to meet the disposable income test of § 1325(b)(1)(B), confirmation must be denied. Debtors having already proposed three un-confirmable plans, the court will allow them one final attempt to propose a confirmable Chapter 13 plan.

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that confirmation of Debtors' second Amended Chapter 13 Plan [Doc. # 121] be, and hereby is, **DENIED**; and

**IT IS FURTHER ORDERED** that Debtors are granted leave to file a third amended Chapter 13 plan on or before **November 28, 2012.** If Debtors' third amended Chapter 13 plan is not confirmed, further leave to amend their plan will not be granted and this case will be dismissed; and

**IT IS FINALLY ORDERED** that a further confirmation hearing will be held on **January 8, 2013, at 2:00 p.m.**

###